IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DATWAN LUM, | § | |
| | § | No. 462, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No.   1408022157A |
| STATE OF DELAWARE, | § | 1408022157B |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 12, 2017
Decided:    June 20, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

### O R D E R

This 20th day of June 2017, upon consideration of the appellant's brief under Supreme Court Rule 26(c), his trial counsel's motion to withdraw, and the State's response and supplemental response, it appears to the Court that:

(1)    Following his arrest on August 28, 2014, the appellant, Datwan Lum, was indicted on December 22, 2014 on charges of Possession of a Firearm by a Person Prohibited ("PFBPP"), Carrying a Concealed Deadly Weapon ("CCDW"), and Resisting Arrest.[1]  A Superior Court jury convicted Lum of Resisting Arrest on July 8, 2015.  A different jury convicted Lum of PFBPP and CCDW on August 2

---

[1] Other charges in the indictment were dismissed before trial.

and 3, 2016. On August 26, 2016, the Superior Court sentenced Lum to a total of eight years of Level V incarceration suspended after six years for decreasing levels of supervision.[2] This is Lum's direct appeal.

(2) On appeal, Lum's trial counsel has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c). Trial counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Trial counsel provided Lum with a copy of the motion to withdraw and the no-merit brief in draft form and advised him that he could submit written points for the Court's consideration. Lum's written points are included in the brief filed with the Court. The State has filed a response and a supplemental response to Lum's points and has moved to affirm the Superior Court's judgment.

(3) When reviewing a motion to withdraw and brief under Rule 26(c), the Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[3] Also, the Court must conduct its own review of the record and determine whether "the appeal is indeed so

---

[2] In the same sentencing proceeding, Lum also was sentenced for convictions from a September 2015 jury trial. After the sentencing, Lum's trial counsel filed a single notice of appeal encompassing all of the convictions for which Lum was sentenced on August 26, 2016. On May 16, 2017, the Court affirmed Lum's September 2015 convictions. *Lum v. State*, 2017 WL 2167350 (Del. May 16, 2017). This is the Court's decision on the parties' Rule 26(c) submissions on Lum's July 2015 and August 2016 convictions.

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

frivolous that it may be decided without an adversary presentation."[4]  In this case, having conducted "a full examination of all the proceedings" we are satisfied that Lum could not raise a meritorious claim on direct appeal.

(4)    The record reflects that the Superior Court agreed to defer trial on the PFBPP charge pending the outcome of trial on the CCDW and Resisting Arrest charges.  On July 8, 2015, the jury found Lum guilty of Resisting Arrest but was unable to reach a unanimous verdict on the CCDW charge.

(5)    Lum was retried on the CCDW charge on May 10, 2016.  Before trial, Lum's trial counsel filed a motion *in limine* seeking to exclude proffered testimony from a State's witness about the difficulty in collecting latent fingerprints from a firearm.  The Superior Court denied the motion *in limine* after determining that the proffered testimony was relevant and probative and that the probative value outweighed any danger of unfair prejudice.[5]

(6)    During its deliberations, the jury sent two notes to the trial judge.[6]  In the first note, the jury stated that it was unable to reach a unanimous verdict on the CCDW charge because one of the jurors had "claimed the right to perform jury nullification in regards to the law in question."  The trial judge responded to the note

---

[4] *Penson v. Ohio*, 488 U.S. at 82.
[5] Trial Tr. at 13–14 (May 10, 2016).
[6] Following each note, Lum's trial counsel made a request for a mistrial, which was opposed by the State and then denied by the Superior Court.

3

by reminding the jurors that they were obligated to follow the law as instructed by the court and not the law as they believed it should be.[7] In the second note, the jury stated that the same juror wanted to know what would happen if a verdict was not reached by the end of the day. The trial judge responded to the second note by giving the jury a supplemental instruction, known as an *Allen* charge,[8] which encouraged the jury to reach a verdict.[9]

(7) The jury found Lum guilty of CCDW. Following the jury verdict, the trial judge informed the jurors of the PFBPP charge and that they would be asked to consider whether Lum was guilty of that charge based on the same evidence they considered when determining whether Lum was guilty of CCDW. After listening to counsel's arguments and the court's instructions, the jury deliberated and found Lum guilty of PFBPP.

(8) After trial, Lum's trial counsel filed a motion for new trial. On June 29, 2016, the Superior Court granted a new trial and vacated the CCDW and PFBPP convictions on the basis that the *Allen* charge was coercive under the circumstances in Lum's case.[10] In August 2016, the Superior Court held a third trial on the CCDW

---

[7] Trial Tr. at 50–51 (May 11, 2016).
[8] *Allen v. United States*, 164 U.S. 492 (1896).
[9] *Supra* note 7, at 55–58.
[10] *State v. Lum*, 2016 WL 3639975 (Del. Super. June 29, 2016).

and PFBPP charges. On August 2, the jury found Lum guilty of CCDW; on August 3, the jury found Lum guilty of PFBPP.

(9)     On appeal, Lum has raised three claims for the Court's consideration.[11] First, Lum contends that the that the charges against him should have been dismissed because of pre-indictment delay. Because Lum's claim was not raised in the Superior Court, our review of the claim on appeal is limited to plain error.[12] Under the plain error standard of review, "the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[13]

(10)   Lum contends that the charges against him should have been dismissed because of delay in bringing the indictment. Under Superior Court Criminal Rule 48(b), the Superior Court, in its discretion, may dismiss an indictment "[i]f there is unnecessary delay in presenting the charge to a grand jury."[14] In this case, Lum does not allege—and the record does not reflect—that he was prejudiced by the four-month interval between his arrest on August 28, 2014 and his indictment on December 22, 2014. In the absence of any indication of prejudice, we find no plain error.

---

[11] Lum raised a fourth claim having to do with his convictions in another case. *See supra* note 2 (regarding September 2015 convictions). The Court has not considered the claim in this appeal.
[12] Del. Supr. Ct. R. 8; *Small v. State*, 51 A.3 452, 456 (Del. 2012).
[13] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[14] Del. Super. Ct. Crim. R. 48(b); *Hughey v. State*, 522 A.2d 335, 340 (Del. 1987).

(11)   In his second claim on appeal, Lum contends that the juror's intent to nullify the CCDW charge should have led to an acquittal on the CCDW charge and a corresponding dismissal of the PFBPP charge.  Lum is mistaken.  A jury's failure to reach a unanimous verdict does not constitute an acquittal.[15]

(12)   In his third claim on appeal, Lum contends that the Superior Court should have excluded the testimony proffered by the State's witness concerning the difficulty in recovering latent fingerprints from a firearm. We disagree.  Having reviewed the denial of the motion *in limine* and the witness' testimony at the May and August 2016 trials,[16] we can discern no abuse of discretion or error of law in the Superior Court's evidentiary ruling allowing the testimony.[17]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[15] *Bowers v. State*, 2014 WL 2094133, at *2 (Del. May 16, 2014) (citing *Richardson v. United States*, 468 U.S. 317, 325 (1984)).
[16] Trial Tr. at 102–114 (May 10, 2016).  Trial Tr. at 80–91 (Aug. 2, 2016).
[17] *Secrest v. State*, 679 A.2d 58, 61 (Del. 1996).